IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STEPHEN ROY ALDRICH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-123 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Stephen Roy Aldrich, Jr., appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.  BACKGROUND**

Plaintiff applied for DIB in October of 2012, alleging a disability onset date of October 3, 2011. Tr. ("R."), pp. 16, 127-30. Plaintiff was forty years old on his alleged disability onset date

---

[1]The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk of Court to substitute Nancy A. Berryhill as Defendant in this case.

and was forty-three years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 27, 127. Plaintiff initially applied for benefits based on allegations of deteriorating disc disease, deteriorating nerve syndrome, chronic lower back pain, and a mental disorder. R. 146. Plaintiff also alleged disability due to migraine headaches. R. 18, 51-52. Plaintiff obtained his GED and attended one year of college. R. 42. Prior to his alleged disability, Plaintiff had accrued a relevant work history as a platoon sergeant in the United States Army who repaired communication equipment. R. 25, 147.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 58-79, 86-89. Plaintiff requested a hearing before an ALJ, (R. 90-91), and the ALJ held a hearing on September 29, 2014. R. 38-57. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from William Stewart, a Vocational Expert ("VE"). Id. On December 12, 2014, the ALJ issued an unfavorable decision. R. 13-31. Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since October 3, 2011, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease, status post surgery; gastroesophageal reflux disease (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), in that he can lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit, stand and/or walk

about 6 hours in an 8-hour workday.[2] The claimant can occasionally climb ramps and stairs but cannot climb ladders, ropes, or scaffolds. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including simple cashier and administrative clerk (20 C.F.R. §§ 404.1569, 404.1569(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from October 3, 2011, through December 12, 2014 (the date of the ALJ's decision) (20 C.F.R. § 404.1520(g)).

R. 18-27.

When the Appeals Council denied Plaintiff's request for review of the unfavorable decision, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ erred in failing to find Plaintiff's headaches to be a severe impairment at step two of the sequential process. See doc. no. 8 ("Pl.'s Br."). The Commissioner maintains substantial evidence supports the ALJ's step two determination, and the administrative decision should therefore be affirmed. See doc. no. 10 ("Comm'r's Br.").

---

[2]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the ALJ erred at step two of the sequential process when he did not find Plaintiff's headaches to be a severe impairment. In particular, Plaintiff argues the ALJ erred because the medical records reflect Plaintiff has complained of, and been diagnosed with, migraine headaches for which he has been prescribed medication since at least January 3, 2011. Pl.'s Br., p. 7. Plaintiff also contends the ALJ failed to consider the entire record and did not accurately quote the medical records he did examine. Id. at 7-9. The Commissioner counters that Plaintiff primarily relies on his own subjective complaints to support his argument, and points out Plaintiff has identified no physicians who opined Plaintiff's headaches limited his ability to work. Comm'r's Br., pp. 4-6.

### A. Step Two Analysis for Severe Impairments

A severe impairment is one that significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1521(a)[3] ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most

---

[3] Effective March 27, 2017, this code section was relocated to 20 C.F.R. § 404.1522, but the substance of the regulation did not change.

5

jobs." Id. § 404.1521(b). Examples include:

(1)     Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2)     Capacities for seeing, hearing, and speaking;

(3)     Understanding, carrying out, and remembering simple instructions;

(4)     Use of judgment;

(5)     Responding appropriately to supervision, co-workers and usual work situations; and

(6)     Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects his ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987). However, a diagnosis of migraine headaches does not automatically equate to a "severe" impairment. Rather, functional limitations attendant to a diagnosis, not the mere existence of an impairment, guide the administrative analysis. See Moore, 405 F.3d at 1213 n.6 ("[T]he mere existence of these impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard."); see also Wind v. Barnhart, 133 F. App'x 684, 690-91 (11th Cir. 2005).

### B. The ALJ's Determination that Plaintiff's Migraine Headaches Did Not Qualify as a Severe Impairment at Step Two Is Supported by Substantial Evidence.

Much of Plaintiff's argument goes to how, not whether, the ALJ weighed the evidence pertaining to his migraine headaches, a task beyond this Court's purview. See Cornelius, 936 F.2d at 1145. Although Plaintiff asserts the ALJ did not "fully consider" the record, the substance of his argument amounts to an assertion that the ALJ did not view the record as does Plaintiff. Indeed, Plaintiff's briefing cites the evidence reviewed by the ALJ in his opinion concerning the timing, diagnosis, and treatment of the headaches, but he simply attaches different meaning to it. Although Plaintiff may disagree with the conclusion reached by the ALJ, as discussed below, the administrative decision is supported by substantial evidence.

There is no question Plaintiff reported his headaches and received a combination of over the counter and prescription medication to treat them, all information which the ALJ reviewed and weighed. R. 18-19, 21-23. However, as explained above, diagnosis alone is not sufficient to establish a severe impairment. See Moore, 405 F.3d at 1213 n.6. As the Commissioner aptly summarizes, "Plaintiff identifies no physicians who opined that headaches limited his ability to work." Comm'r's Br., p. 1. Thus, Plaintiff relies heavily on his own headache reports to various medical providers to argue his position, impliedly arguing the ALJ made an improper credibility determination concerning his subjective reports and testimony at the evidentiary hearing, (R. 51-52), about the effects of his migraine headaches.

#### 1. The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical

7

condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[4] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted). As explained below, the ALJ properly conducted the Holt analysis and

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

8

reached the conclusion supported by substantial evidence that the degree of limitations asserted by Plaintiff concerning his headaches was not supported by the record.

### 2. The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints About the Effects of His Migraine Headaches.

Plaintiff repeatedly reminds the Court he has complained of migraine and tension headaches since at least his Compensation and Pension Exam of January 3, 2011. Pl.'s Br., pp. 2-4, 7. Despite these complaints, however, the Veterans' Administration ("VA") has not attributed any percentage of Plaintiff's disability rating to any type of headaches. R. 246, 439, 445, 451. Indeed, approximately two weeks after the January 3, 2011 examination, medical records from Fort Bragg state Plaintiff had two severe headaches in the past six months and had "not sought additional treatment and has managed with OTC Tylenol and Excedrin Migraine with a good response." R. 242. During a consultative examination with Lamar B. Peacock, MD, on January 12, 2012, Plaintiff reported only "intermittent" headaches. R. 344. In a Pain Questionnaire completed by Plaintiff on January 1, 2013, that requested he describe his pain, Plaintiff mentioned only his lower back and both legs, and he stated he spent most of his day watching television. R. 162-66.

Moreover, Progress Notes from December 19, 2013 reveal a negative response to the question, "Does the Veteran's headache condition impact his or her ability to work?" R. 475. This disability questionnaire response was apparently provided even though that same day Plaintiff had reported chronic headaches that required him to lie down in a dark room. R. 487, 489. The February 22, 2014 VA Rating Decision continued the 0% disability rating for Plaintiff's headaches, explaining "[a] noncompensable evaluation is assigned unless there are characteristic prostrating attacks averaging one in two months over the last several months." R.

9

451. By July 18, 2014, a VA clinical visit lists headaches at the last position of a seven-problem list, and notes "muscle aches/bone pain back and lower leg pain is still the main concern[]." R. 454-55. As the ALJ noted, (R. 22), Plaintiff had not sought treatment from December 2013 until July 2014, despite his current contention concerning severe headaches. The Pain Assessment conducted during the July 18th visit identified pain only in Plaintiff's lower back and legs. R. 460.

Nothing in the medical record as extensively reviewed by the ALJ matches the claimed severity of headaches as reported by Plaintiff at the administrative hearing, where he claimed to have debilitating headaches "about once a week, three to four times a month" that left him incapacitated for a "couple of hours." R. 51-52. The ALJ reviewed the medical records in his administrative decision, citing the exhibits containing the medical evidence cited above, in determining Plaintiff's migraine headaches were not a severe impairment. R. 18-19, 21-23. Plaintiff's argument about not "fully" reviewing the record is without merit, as there is no requirement that the ALJ mention every piece of evidence in the record. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

Nor does Plaintiff's argument that the ALJ misstated the record by referring to Plaintiff's headaches as "stable" rather than "more stable" require remand in light of all of the other evidence described above showing Plaintiff's headaches were not a severe impairment. See Brown v. Comm'r of Soc. Sec., 459 F. App'x 845, 846 (11th Cir. 2012) (finding harmless error in factual misstatement where remaining evidence provided substantial support for ALJ's decision); Majkut v. Comm'r of Soc. Sec., 394 F. App'x 660, 665 (11th Cir. 2010) ("[E]rroneous factual statements by the ALJ may constitute harmless error if the ALJ applies the proper legal standard." (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983).)

Moreover, Plaintiff raises a red herring arguing the ALJ improperly cited medical records that predate the alleged onset date and did not specifically reference Plaintiff's headaches. Pl.'s Br., p. 8. As the Commissioner explains, "Plaintiff had stated in August 2012 that his headaches began 4 years earlier, occurring every few weeks (Tr. 371). So the record from May 2010 showing no reference to headaches (Tr. 523-25) supports the ALJ's determination that the medical evidence did not show the headaches were so debilitating, frequent, or significant. (Tr. 18.)" Comm'r's Br., p. 5.

To the extent Plaintiff also complains about the ALJ relying on a statement by a VA medical provider that Plaintiff's headaches do not impact his ability to work yet also giving little weight to the overall VA rating decision, he is comparing apples and oranges. Pl.'s Br, p. 9. As the Commissioner points out, Plaintiff has not identified any statute, regulation, or binding case law that would prevent the ALJ from considering portions of the VA records used to formulate the VA disability rating yet attributing little weight to the overall VA rating. Plaintiff acknowledges, and does not challenge, the ALJ's explanation for giving little weight to the VA's overall disability rating based on differing standards between the governmental agencies for determining disability. R. 24-25. However, he has no explanation as to why the ALJ could not rely on certain portions of VA medical records chronicling Plaintiff's treatment, including the December 19, 2013 statement that Plaintiff's headaches do not impact his ability to work. R. 475.

The ALJ also based his credibility determination on a review of Plaintiff's daily activities. Plaintiff could take care of all his own personal needs, drive, pay bills, spend time reading and watching television, shop using a computer, and take his medication without reminders. R. 19, 23 (citing Exs. 3F, 4E, 5E, 6E). As the ALJ also noted, Plaintiff's daily

11

activities were inconsistent with claims of limitations from severe headaches. Zuba-Ingram v. Comm'r of Soc. Sec., 600 F. App'x 650, 656 (11th Cir. 2015) (affirming rejection of claimant's alleged limiting effects of migraine headaches where ALJ considered daily activities and VA 30% disability rating); Osborn v. Barnhart, 194 F. App'x 654, 668 (11th Cir. 2006) (recognizing claimant's burden of proof and concluding medical records revealing only diagnoses and not containing any work limitations or limited functions fails to satisfy burden).

In sum, the question is not whether the ALJ could have reasonably credited Plaintiff's complaints about his headaches, but rather, "whether the ALJ was clearly wrong to discredit" them. Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). On this record, the Court concludes the ALJ was not clearly wrong to discredit Plaintiff's subjective complaints, and the credibility determination is supported by substantial evidence.

### C. The VE's Testimony Does Not Establish Plaintiff's Headaches Were Severe.

Plaintiff also argues the ALJ erred in not finding his headaches to be a severe impairment because the VE opined there would be no jobs available for a person who would be off task at least twenty to twenty-five percent of the day, three to four times a month, because of headaches and the need to lie down. Pl.'s Br., p. 10; R. 55-56. Plaintiff assumes that, because the VE said there would be no jobs for a person with headaches matching the severity Plaintiff described, his headaches must be severe. However, Plaintiff must first show he has headaches that would cause such restrictions on his ability to work. He has not carried that burden.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see

also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

Here, the ALJ presented the VE with two hypotheticals. The first was an individual with an RFC as found by the ALJ in his written opinion. R. 53. The VE identified two jobs: simple cashier and administrative clerk. R. 54. The second hypothetical was an individual with headaches as Plaintiff described he had, and the VE concluded there would be no available jobs. R. 55-56. After the hearing concluded and the ALJ had the opportunity to review the entire record and prepare his written decision, he determined only the characteristics described in the first hypothetical were supported by substantial evidence in the record. Therefore, even though the ALJ presented two hypotheticals to the VE, he ultimately relied on the first one because the characteristics presented were supported by substantial evidence.

The second hypothetical, though resulting in a finding of disabled for such a claimant, was not supported by the record evidence for Plaintiff. As described above, the ALJ's decision to discredit the severity of Plaintiff's subjective complaints about his headaches is supported by substantial evidence. Thus, the fact that a hypothetical person with supported, credible complaints about headaches would not be able to work does not equate to Plaintiff automatically having headaches that qualify as a severe impairment.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 2nd day of May, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA